UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHRISTOPHER VON SCHLOBOHM, | Case No. 2:19-07358 DOC (ADS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| COUNTY OF LOS ANGELES, et al., Defendants. | |

## I. <u>INTRODUCTION</u>

Plaintiff Christopher Von Schlobohm ("Plaintiff"), proceeding <u>pro se</u>, filed a Complaint under 42 U.S.C. § 1983 on August 23, 2019. [Dkt. No. 1]. Over the next several months, Plaintiff filed multiple proofs of service and requests for default judgment. [Dkt. Nos. 20, 23, 25, 27, 31, 42]. Plaintiff received multiple notices of deficiency from the court for failure to comply with service requirements and provide adequate proofs of service. [Dkt. Nos. 22, 29, 34, 48].

The only defendants that have acknowledged service and appeared in this action were dismissed without leave to amend pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. No. 44]. On January 15, 2020, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute ("OSC") as to the remaining defendants, requiring a written response by January 22, 2020. [Dkt. No. 52].

## II. DISCUSSION

### A. Plaintiff's Request For Extension Of Time

After the deadline to respond to the OSC, on January 23, 2020, Plaintiff filed a Request for Extension of Time to file a response. [Dkt. No. 53]. Plaintiff asserted that he did not receive the mailed OSC until January 22, 2020 and noted that he has not been granted leave to electronically file. [Dkt. No. 53, pp. 1-2]. Plaintiff asserts he needs an extension of time to file a response related to his proposition that "on September 16, 2019, the Court made an entry that my service of my complaint on August 26, 2019 was sufficient such that the County of Los Angeles, Mercedes Mendoza, Adrian Hawkins, and Kim Nemoy, defendant had failed to respond and were in default." [Dkt. No. 53, p. 2]. Plaintiff did not request any specific additional amount of time.

Plaintiff's request for extension of time is meritless. A review of the docket in this case for September 16, 2019 reflects only that Plaintiff filed proofs of service of that date. [Dkt. Nos. 12, 13, 14]. These proofs of service were followed by notices of deficiency for service issues. [Dkt. Nos. 22, 29, 34, 48]. As such, Plaintiff has provided no good cause to grant an extension of the time to respond to the OSC, nor has Plaintiff offered any tenable argument that excuses failure to comply with service requirements duty to prosecute the case. Plaintiff's Request for Extension of Time is DENIED.

**B. Dismissal**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case. Federal Rule of Civil Procedure 4(m) states, "if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m). Dismissal, rather than ordering service be made within a specified time, is warranted because Plaintiff has failed to provide proof of proper service despite repeated deficiency notices.

Moreover, the Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

The first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to provide adequate proofs or service or respond to the Court's January 15, 2020 Order to Show Cause. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors

dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the Court has warned Plaintiff that proof of service was deficient and the case would be dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

### III. CONCLUSION

Accordingly, this action is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). Judgment is to be entered accordingly. All other motions/applications are denied as moot.

**IT IS SO ORDERED**.

Dated: February 4, 2020

_David O. Carter_
_____
THE HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge